UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:08-cv-00381

| | | |
|---|---|---|
| Michael T. Sloane, Cruise Connections Inc., Tracey Kelly, Susan Edwards, and Cruise Connections Charter Management 1, LP, | ) ) ) ) ) ) | **Joint Rule 26(f) Report** |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Dennis Laliberte; Newwest Travel and Cruises Ltd.; Newwest Travel Ltd. and Newwest Special Projects, LP, | ) ) ) ) ) | |
| Defendants. | ) | |

1.      Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule

16.1(b), a meeting was held and was attended by Jack M. Strauch for Plaintiffs,

and Jodi D. Hildebran and George D. Humphrey, III for Defendants.

2.      The parties propose to the court the following discovery plan:

Discovery may be needed on the following subjects: Liability; damages;

personal jurisdiction over defendants.

Discovery shall be placed on a case-management track established by Local

Rule 26.1. The parties agree that the appropriate plan for this case (with the

stipulated modifications by the parties as set out below) is that designated in Local Rule 26.1(a) as Complex.

## Difficulty Proposing Specific Deadlines To The Court At This Time

The Court entered an order on June 4, 2009 setting aside the entry of default against Dennis Laliberte and Newwest Travel and Cruises Ltd. ("the original defendants") and giving the original defendants until June 16, 2009 to answer the complaint. On June 8, 2004, plaintiffs filed an amended complaint adding an alternative claim for relief and also adding Newwest Travel Ltd., and Newwest Special Projects LP ("the new defendants") as defendants in this case.

By stipulation, the parties agreed that the original defendants may have until June 25 to answer the amended complaint. Plaintiffs are in the process of obtaining service of process on the new defendants. The new defendants are both residents of Canada, and the original defendants' North Carolina counsel does not know whether the new defendants will waive service of process as provided in Rule 4(d). If they do, the new defendants' answer will be due on September 10. If they do not, plaintiffs will have to serve the new defendants pursuant to the Hague Convention, which is not only expensive, but also takes a significant and often unpredictable amount of time.

2

Therefore, the parties do not know when all the defendants will answer the amended complaint, and, accordingly, they are unable to request specific deadlines by which discovery, dispositive motions, expert designations, etc. should be completed. As a result, the parties request that the Court set a timetable that will commence upon the filing of an answer by the new defendants. Such timetable should be based on the normal schedule for "complex" cases, as provided in Local Rule 26.1(a).

## Proposed Schedule

The date for completion of all discovery (general and expert) will be six months after the new defendants file an answer.

Reports from retained experts under Rule 26(a)(2) are due during the discovery period. From Plaintiffs – four months after the new defendants file an answer; and from Defendants – five months after the new defendants file an answer.

Rule 26(a) initial disclosures are due one month after the new defendants file an answer. Supplementations under Rule 26(e) are due three months after the new defendants file an answer.

3

3.     Mediation.   Mediation should be conducted early in the discovery period, the exact date to be set by the mediator after consultation with the parties. The parties agree that the mediator shall be Tom Duncan.

4.     Preliminary Deposition Schedule.  Preliminarily, the parties agree to the following schedule for depositions:

Defendants:  during the first two months after the new defendants file an answer

Plaintiffs:  during the first three months after the new defendants file an answer

Third party witnesses: any time during the discovery period

The parties will update this schedule as is reasonable and necessary.

5.     Other items.

Plaintiffs shall be allowed until one month after the new defendants file an answer to request leave to join additional parties or amend pleadings. Defendants should be allowed until two months after the new defendants file an answer to request leave to join additional parties or amend pleadings.

After these dates, the court will consider, inter alia, whether the granting of leave would delay trial.

4

The parties have discussed special procedures for managing this case, including reference of the case to a magistrate judge on consent of the parties under 28 U.S.C. §636(c), or appointment of a master, and not all of the parties consent.

This the 12th day of June , 2009

/s/ Jack M. Strauch
Jack M. Strauch, N.C. State Bar # 22341
Strauch & Fitzgerald, P.C.
118 South Cherry Street
Winston-Salem, North Carolina 27101
Telephone: 336-725-8688
jstrauch@sandflaw.com
Attorney for Plaintiffs


/s/ George D. Humphrey, III
George D. Humphrey, III
N.C. State Bar #24313
Allman Spry Leggett & Crumpler, P.A.
380 Knollwood Street, Suite 700
Winston-Salem, North Carolina 27103
Telephone: 336-631-1441
ghumphrey@allmanspry.com
Attorneys for Defendants